## Frank F. Fisher, Appellee, v. The Massillon Iron & Steel Company, Appellant.

### Gen. No. 23,166. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Oscar E. Heard, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed March 12, 1918.

### Statement of the Case.

. Action by Frank F. Fisher, plaintiff, against the Massillon Iron & Steel Company, a corporation, defendant, to recover salary. From a judgment for plaintiff for $8,916.67, defendant appeals.

Matz, Fisher & Boyden and Victor Elting, for appellant; Victor Elting and Walter L. Fisher, of counsel.

Miller, Gorham & Wales, for appellee.

Mr. Justice McDonald delivered the opinion of the court.

### Abstract of the Decision.

1. Corporations—*what presumption raised as to compensation of officer on re-election.* When an officer of a corporation is re-elected to the office, the presumption is that his duties and compensation will remain the same.

2. Corporations—*when salaries of officers not subject to alteration.* Where the directors of a corporation which was in financial straits and had suspended operations adopted a resolution reducing all salaries and the officers consented thereto, and at the next election of officers adopted a resolution, also consented to by the officers, continuing the reduced rate temporarily, but later in the year restored the prior rate, *held* that the intention of the directors on re-electing the officers was that they should receive their former

salaries, subject to the temporary reduction consented to by them, and that the officers did not, by acquiescing in the reduction, waive any rights under the original contract of employment, that the resolution restoring the rate of pay was simply in fulfillment of this intention and that the salaries were not subject to alteration without the officers' consents.

3. CORPORATIONS—*when directors may not alter salaries and duties of officers during term of employment.* The provision in the by-laws of a corporation that the officers are under the direction and control of the directors and that their duties and salaries are to be fixed by the directors does not reserve to the latter the power to alter the salaries and duties during the term of the employment without the consent of the officers, but only to fix them at the outset of the term.

4. CORPORATIONS—*when election of officer is contract for year.* The election of one to the office of vice president of a corporation constitutes a contract for a year.

5. CORPORATIONS—*when relieving officer of duties constitutes breach of contract.* Where one who has been continuously elected vice president of a corporation every year for 11 years has, for the same length of time, performed the duties of sales manager, his contract of employment contemplates the performance of such duties, and, by relieving him of them, there is a breach of his contract.

6. MASTER AND SERVANT, § 84*—*when reasonable effort to secure other employment after breach not shown.* In an action to recover for the breach of a contract of employment, evidence *held* not to show that plaintiff failed to make a reasonable effort to secure other employment after the breach.

7. MASTER AND SERVANT, § 81*—*when defendant has burden of showing that plaintiff might have obtained other employment.* In an action to recover for the breach of a contract of employment, the burden of showing that plaintiff might have obtained other employment is on defendant.

8. MASTER AND SERVANT, § 82*—*what evidence admissible in mitigation of damages in action by servant for breach of contract.* In an action to recover for the breach of a contract of employment, evidence that plaintiff might have obtained other employment after the breach is only admissible in mitigation of damages.

9. TRIAL, § 292*—*when proposition of law in action by officer of corporation to recover for breach of contract of employment inapplicable to facts.* In an action to recover for the breach of a contract of employment as officer of a corporation, where it is shown that plaintiff's salary and duties were to continue the same

as in his former terms, subject to a temporary reduction consented to by him, a proposition of law that where, upon the election of an officer, the directors fix his duties and salary for the present and afterwards relieve him of his duties and reduce his salary to a nominal amount, such action on their part is not a discharge of the officer and a breach of his contract, while possibly correct as an abstract proposition of law, is not applicable to the facts of the case.

10. MASTER AND SERVANT, § 75*—*when recovery for breach of contract of employment may be under either special count or indebitatus assumpsit.* In an action for the breach of a contract of employment, where plaintiff has partly performed and has been prevented from performing the remainder by defendant's act, a recovery may be had under either the *indebitatus* assumpsit or under the special count.